

**SO ORDERED.**

**SIGNED this 31 day of July, 2008.**

```
                              _____
                              JAMES D. WALKER, JR.
                              UNITED STATES BANKRUPTCY JUDGE
```
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | CASE NO. 05-52298-JDW |
| EDNA L. SIMMONS and | ) | |
| BENNIE SIMMONS, | ) | |
| | ) | |
| DEBTORS. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

For Debtors:   Joel D. Burns
               200 North Jefferson Street
               Milledgeville, Georgia 31061

For Creditor:  Daniel Wilder
               544 Mulberry Street, Suite 800
               Macon, Georgia 31201

**MEMORANDUM OPINION**

This matter comes before the Court on Everhome Mortgage Company's motion for relief from the automatic stay. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(G). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

On April 24, 2008, Everhome Mortgage Company filed a motion for relief from the automatic stay through attorney Michael J. McCormick of McCalla Raymer LLC in Roswell, Georgia. Everhome is a loan servicer for the mortgage on real property owned by Debtors Edna and Bennie Simmons. In its motion, Everhome alleged Debtors were 15 months behind on their mortgage payments, and it sought stay relief to foreclose on the property. Everhome alleged the property was worth approximately $20,000 and its claim was approximately $70,428.57. Based on those figures, Everhome contended it is entitled to stay relief under 11 U.S.C. § 362(d)(1) due to the default in payments, lack of equity in the property, and lack of adequate protection.

The Court scheduled a hearing on the motion for May 12, 2008. Prior to the hearing date, on May 1, 2008, Emmett Goodman filed a notice of appearance as local counsel for Everhome. The hearing was not held, but was continued until June 16, 2008. The hearing was then continued a second time until July 28, 2008. Daniel Wilder represented Everhome at the hearing, and requested a third continuance to give Everhome time to determine the exact amount owed due to discrepancies between Everhome's records and Debtors' records.

On June 12, 2008, Debtors' counsel provided Everhome's counsel with copies of four checks representing payments of $685 each (the monthly amount due on the mortgage) made on August 6, 2007, January 28, 2008, February 20, 2008, and March 17, 2008. Everhome's records did not reflect the payments even though the checks had cleared.[1] Everhome's counsel could provide no evidence that Everhome had taken any steps to investigate the missing payments. Mr. Wilder's only contact has been with Everhome's national counsel; he has had no direct contact with Everhome with respect to the checks.

Mr. Wilder also asserted that even if Debtors are credited for the missing payments, they are still four payments behind. Debtors contended their calculations indicated they are one or two payments behind.

For the reasons stated herein, the Court will not continue the hearing and will deny the motion for stay relief.

### Conclusions of Law

Everhome seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), which provides: "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ... (1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" The burden of proof is on the party opposing a motion for stay relief, except as to equity in the property. Id. § 362(g). However, the movant must make an initial showing of cause for stay relief. Schneiderman v. Bogdanovich (In re Bogdanovich), 292

---

[1] It is unclear whether Everhome has a record of the August 6, 2007 payment. It was the only check made out to Everhome. The other three were written to a different (but apparently valid) servicing agent, and Everhome's counsel repeatedly referred to three, rather than four, unrecorded payments. According to Debtors' counsel, at least four different companies have serviced the mortgage during the course of this bankruptcy case.

F.3d 104, 110 (2d Cir. 2002).

In its motion, Everhome alleged, without any supporting documentation such as a payment history, Debtors were delinquent on 15 mortgage payments. The Court allowed Everhome to continue the hearing on its motion twice. After the first continuance, on June 12, 2008, Debtors' counsel provided Everhome's counsel with evidence of four payments, at least three of which had not been credited to Debtors' account. At the hearing on July 28, 2008, Everhome requested a third continuance to allow it time to trace the missing payments and to determine the exact amount of the arrearage owed by Debtors.

During the six weeks between learning of the checks and requesting a third continuance, Everhome cannot show it took any steps to reconcile Debtors' account. Everhome's local counsel, Mr. Wilder, conceded he has neither evidence nor personal knowledge of any efforts by Everhome to trace the checks. He has not even spoken to Everhome about the payment discrepancies. In fact, Mr. Wilder turned to the Chapter 13 Trustee's records in an effort to recreate Debtors' payment history.

Everhome wants stay relief but does not want to be bothered with offering any actual proof it is entitled to such relief. Producing an accurate, current payment history should be a simple matter for any company with a basic, competent record-keeping system. Furthermore, a company that wants to foreclose on property cannot expect permission to do so if it chooses to essentially ignore evidence that its records are wrong. Debtors in this case are perhaps fortunate that by virtue of their bankruptcy case, Everhome must answer to the Court before foreclosing. A debtor outside of bankruptcy who owes money to a creditor with sloppy or nonexistent records might be easily intimidated by the threat of foreclosure to pay money not owed.

Everhome's failure to keep proper records or to remedy errors in its records is inexcusable. Without accurate records, Everhome cannot make a showing of cause for stay relief based on a default in payments. The problem in this case is compounded by Everhome's insulation from local counsel. Creditors seeking stay relief should not expect to be successful if the attorneys who represent them in court do not have direct contact with them to resolve defenses raised by debtors or to otherwise respond to concerns raised in connection with the motion.

For the foregoing reasons, the Court finds Everhome has failed to show cause for modifying the automatic stay. Therefore, its motion for stay relief will be denied.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT